**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4071**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEJANDRO CRUZ-CARRILLO,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, Chief District Judge. (CR-04-182)

─────────

Submitted: August 26, 2005      Decided: September 22, 2005

─────────

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alejandro Cruz-Carrillo, a Mexican national, pled guilty to one count of illegal reentry of an aggravated felon after deportation in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). The district court sentenced Cruz-Carrillo to seventy-one months' imprisonment. The court also gave an alternative sentence according to 18 U.S.C. § 3553(a) (2000) of seventy-one months, treating the guidelines as advisory, under United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005). Cruz-Carrillo's counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), conceding Cruz-Carrillo admitted to all the facts used to enhance his sentence, but raising the issue of whether the court erred under United States v. Booker, 543 U.S. ____, 125 S. Ct. 738 (2005), by applying the sentencing guidelines as mandatory. Cruz-Carrillo was notified of the opportunity to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (requiring sentencing

courts to impose a sentence within the applicable guideline range), and 18 U.S.C. § 3742(e) (2000) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 125 S. Ct. at 756-57. After Booker, courts must calculate the appropriate guidelines range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a), and impose a sentence. This remedial scheme applies to any sentence imposed under the mandatory sentencing guidelines, regardless of whether or not the sentence violates the Sixth Amendment. Booker, 125 S. Ct. at 769 (Breyer, J., opinion of the Court). However, the Court was careful to note that its decision did not render every sentence unconstitutional. Courts were advised that ordinary doctrines such as plain error and harmless error would still apply. Id.

Here, because the district court imposed an alternative discretionary sentence pursuant to § 3553(a) that was identical to the guidelines sentence, the error inherent in the application of the guidelines as mandatory did not affect the court's ultimate determination of the sentence. Cf. United States v. Hazelwood, 398 F.3d 792, 801 (6th Cir. 2005) (finding error not harmless and remanding when court's comments indicated it might have imposed a lesser sentence under advisory guidelines scheme). After thoroughly reviewing the record, we conclude that any possible Booker error was harmless.

Finding no meritorious issues upon our review of the record, we affirm Cruz-Carrillo's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED